IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| Plaintiff, | : | |
| v. | : | Civil No. SAG-14-1065 |
| **One 2010 Dodge Ram,**<br>**VIN 1D7RV1GP1AS127823, et al.** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

: : : : : : :

## MOTION FOR INTERLOCUTORY SALE OF PROPERTY

The United States of America ("the government"), by its counsel, hereby moves pursuant to Rule G(7)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("the Supplemental Rules"), for an order authorizing the immediate interlocutory sale of property subject to forfeiture in this civil forfeiture case. In support of its motion, the government states as follows:

Facts

1.  On April 4, 2014, the United States of America initiated the instant civil forfeiture case by filing a verified complaint for forfeiture against one 2010 Dodge Ram, VIN 1D7RV1GP1AS127823 ("the defendant Dodge"), and one 2007 Honda Accord, VIN 1HGCM66517A040679 ("the defendant Honda") (collectively, "the defendant properties"). ECF No. 1. The government alleged that the defendant properties were subject to forfeiture because they had been used to facilitate drug trafficking.

2.  The defendant properties had been seized by the government on October 8, 2013, pursuant to the execution of a search and seizure warrant, during the course of an investigation

by the Drug Enforcement Administration ("the DEA"), the Harford County Task Force, and the Baltimore County Police narcotics unit on the illegal drug activities of Jeremiah Michael Finley, Ronald Dale Lawrence, and Eric Lavell Skipwith. *See* Declaration of Paul Neikirk, ECF No. 1. The defendant properties were seized in Maryland and were subsequently placed into the custody of and maintained by the DEA in the District of Maryland.

3. The defendant Dodge is the only defendant property remaining in this case and is the property subject to this motion for an interlocutory sale.[1]

4. On May 13, 2014, Rami Brothers, Inc. t/a Pimlico Motors ("the claimant") filed a timely claim to the defendant Dodge. ECF No. 5. The claimant subsequently filed a timely answer as required by the Supplemental Rules. ECF No. 7.

5. The claimant filed both the claim and answer through its counsel, Kobie Flowers, Esq., the Flowers Law Firm, PLLC, 1750 K Street, NW, Suite 200, Washington, D.C.

6. The claimant alleges that it holds title to a security interest lien on the defendant Dodge and that the owner of the vehicle had defaulted on her loan, entitling the claimant to repossession of the defendant Dodge. *See* ECF No. 5.

7. Claimant's counsel and government counsel attempted to negotiate a settlement for the disposition of the defendant Dodge and exchanged multiple proposed written agreements and amendments. Claimant's counsel also provided the government with supplemental documentation to substantiate the amount still owed on the lien.

---

[1] The government sent notice of the complaint against the defendant properties to potential claimants and published notice as required by Supplemental Rule G(4). On May 12, 2014, Chyrie Danay Loudon-Skipwith filed a timely claim of ownership to the defendant Honda (ECF No. 4), but then subsequently filed a withdrawal of claim on July 14, 2014 (ECF No. 19, approved by the Court at ECF No. 20). There being no other claimants to the defendant Honda and all deadlines to file a claim having expired, the government moved for default against the defendant Honda pursuant to Fed. R. Civ. P. 55. *See* ECF Nos. 22-24. On October 22, 2014, the Court ordered the forfeiture of the defendant Honda. ECF No. 26.

8. On January 20, 2015, claimant's counsel moved to withdraw from representing the claimant. ECF No. 27. To date, the government has received no further communication from the claimant or the claimant's replacement counsel regarding this matter.

9. At the time this case was filed, the government estimated that the defendant Dodge had a value of approximately $15,875.

10. Based on documentation submitted to the government by the claimant via its prior counsel, the amount still owed on the claimant's lien appears to be $10,881.87.

11. The government estimates that the costs to store and maintain the defendant Dodge are in excess of $2,150.00 to date, and such costs continue to accrue daily.

## Discussion

12. Supplemental Rule G(7)(b) provides that a court may order the interlocutory sale of all or part of the property subject to a pending asset forfeiture action if certain conditions are met. Among other things, the sale may be ordered if the property is perishable or at risk of deterioration; if the expense of keeping the property is excessive or is disproportionate to its fair market value; or if the court finds other good cause. Supp. R. G(7)(b)(i). The sale must be made by a United States agency that has authority to sell the property, by the agency's contractor, or by any other person the court designates. Supp. R. G(7)(b)(ii).

13. When the sale is made, the sale proceeds will be considered a "substitute res" subject to forfeiture in place of the property that was sold. The proceeds must be held in an interest-bearing account maintained by the United States pending the conclusion of the forfeiture action. Supp. R. G(7)(b)(iv). Upon entry of a forfeiture judgment, the property or proceeds from selling the property must be disposed of as provided by law. Supp. R. G(7)(c).

14.     In this case, the government is in possession of the defendant Dodge, a vehicle that is depreciating in value as time passes and causes the government to incur storage and maintenance costs. Conversion of the defendant Dodge to cash through an interlocutory sale will preserve the value of the defendant property for the benefit of the government, but also for the claimant should it establish a valid lienholder interest. *See United States v. $1,133,648.97 seized from Bank of Hawaii*, 2008 WL 687337 (D. Haw. Mar. 11, 2008) (approving the interlocutory sale of vehicles and non-liquid securities decreasing in value due to depreciation, deterioration and the costs of maintenance and storage; Rule G(7) does not require a showing of likelihood of success on the merits).

15.     At present, in light of the withdrawal of claimant's counsel and the cessation of settlement negotiations, it is unclear when the claimant will retain new counsel, if at all, and whether the claimant will resume settlement negotiations or seek trial. In any case, it could take several weeks to months to obtain a final disposition of the defendant Dodge. During that time, the value of the defendant Dodge will continue to depreciate and the government will continue to accrue costs for storage and maintenance daily. Accordingly, it would be in the interests of justice for the court to order the interlocutory sale of the defendant Dodge to preserve the value of the property for the benefit of both the government and the claimant.

## Conclusion

WHEREFORE, the United States moves that the Court enter an Order granting its motion for an interlocutory sale pursuant to Rule G(7)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, and for such other and further relief as this Court deems just and appropriate.

Respectfully submitted,

Rod J. Rosenstein
UNITED STATES ATTORNEY
District of Maryland


_____/s/_____
Stefan D. Cassella
Assistant United States Attorney
36 South Charles Street
Fourth Floor
Baltimore, Maryland 21201
Tel: (410) 209-4800

Attorneys for the United States